**In re Anonymous No. 75 D.B. 92 (No. 2)**

Disciplinary Board Docket no. 75 D.B. 92.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

LIEBER, *Member,* February 6, 1995—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

On August 12, 1992, by order of the Supreme Court the petitioner was placed on temporary suspension from the practice of law. By order of the Supreme Court dated November 23, 1993, petitioner was suspended from the practice of law for a period of one year and one day, retroactive to August 12, 1992.

On February 7, 1994, petitioner filed a petition for reinstatement and reinstatement questionnaire.

On February 11, 1994, the matter was referred to Hearing Committee [    ], consisting of [    ], Esquire,

chairperson, [    ], Esquire, member and [    ], Esquire, member.

A hearing was held on June 29, 1994. The Hearing Committee filed its report on August 11, 1994 unanimously recommending reinstatement of petitioner. Neither petitioner nor Office of Disciplinary Counsel filed briefs on exceptions to the Hearing Committee report.

The matter was adjudicated by the board on October 21, 1994.

## II. FINDINGS OF FACT

The board adopts the findings of fact made by the Hearing Committee.

(1) Petitioner is 32 years of age and was admitted to the practice of law in this Commonwealth in 1987.

(2) On June 18, 1990, petitioner was involved in a one-car accident which resulted in the death of his passenger. This incident resulted in his conviction for homicide by vehicle and driving under the influence. Petitioner pled guilty to homicide by vehicle, 75 Pa.C.S. §3732, and driving under the influence of alcohol or a controlled substance, 75 Pa.C.S. §3731(a)(1) and (a)(4).

(3) Petitioner was sentenced by the Honorable [A] on September 9, 1991 to a prison term for the charge of homicide by vehicle of a minimum of 30 months to a maximum of 60 months. On the charge of driving under the influence, he was sentenced to a term of a minimum of 48 hours to run concurrently with the sentence of homicide by vehicle.

(4) As a result of this conviction, petitioner was suspended from the practice of law for a period of one year and one day, retroactive to August 12, 1992.

(5) The petitioner has served the full prison term and is currently on parole. (N.T. 16, 17.)

(6) Petitioner had no discipline prior to the above suspension.

(7) Because of his realization that the accident was caused by abuse of alcohol, petitioner began and continues in a regular participation in the Alcoholics Anonymous program. (N.T. 18-19, 28-29.)

(8) Petitioner established by uncontroverted testimony that he enjoys a good reputation for honesty and truthfulness within the small closely-knit bar of the county where he works. (Testimony of [B], N.T. 40-41.) This testimony was buttressed by uncontroverted testimony from the prior disciplinary hearing by several additional members of the same county bar. (Exh. 3-6.)

(9) Petitioner established his learning in the law, through testimony that his work as a paralegal involved a great deal of research. (N.T. 23.) In addition, petitioner testified to updating the firm's law library on a regular basis and reviewing those materials in order to keep current. (N.T. 22.) Finally, petitioner also established he has taken a number of courses through the Pennsylvania Bar Institute. (N.T. 21-22, Exh. 2.)

(10) Petitioner testified that his work as a paralegal involved no client contact. (N.T. 23.) He testified that most of his work was in the area of research and drafting. *(Id.)* This testimony was supported by that of his employer, [B], Esquire. (N.T. 36-38.)

## III. CONCLUSIONS OF LAW

The board finds that petitioner has met his burden under Pa.R.D.E. 218(c)(3)(i), by showing through clear and convincing evidence that he has moral qualifications, competency and learning in law required for admission to practice law in this Commonwealth and that his resumption of practice will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest.

## IV. DISCUSSION

The background of this case is that the petitioner was suspended for one year and one day following pleading guilty to two charges stemming from an alcohol-related automobile accident which took place on June 19, 1990. The petitioner pleaded guilty to one count of homicide by vehicle in violation of 75 Pa.C.S. §3732, and one count of driving under the influence of alcohol or a controlled substance in violation of 75 Pa.C.S. §3731(a)(1) and (a)(4). He was sentenced to a term of incarceration for not less than 30 months or more than 60 months. He has served the full period necessary for parole and is now on parole. (N.T. 16, 17.) He now seeks reinstatement to the practice of law.

The standard for reinstatement from a suspension is found in Pa.R.D.E. 218(c)(3)(i) which states that a suspended attorney has the burden of "demonstrating by clear and convincing evidence that such person has the moral qualifications, competency and learning in law required for admission to practice law in this Commonwealth and that the resumption of practice of law within the Commonwealth by such person will be neither

detrimental to the integrity and standing of the bar or the administration of justice or subversive of the public interest." Pa.R.D.E. 218(c)(3)(i).

Petitioner met the burden of demonstrating moral qualification to practice law by presenting testimony concerning his reputation. This type of evidence has been accepted in the past to demonstrate moral quali- fication. Compare *In re Anonymous No. 45 D.B. 84,* 15 D.&C.4th 321, 332 (1992). Petitioner, here, presented the testimony of his employer, [B], Esquire. [B] testified that petitioner's reputation within the county bar, which is familiar with him, was very good and that "I have not heard anyone that has offered any hesitancy, and most people have been most encouraging about [pe- titioner's] participation with our firm and his abilities in the law." (N.T. 40-41.) [B] emphasized that the bar is very small and reputations within it are well known. *(Id.)* Petitioner also presented testimony from the prior disciplinary hearing from the following attorneys from the local bar: [C], Esquire (Exh. 3); [D], Esquire (Exh. 4); [E], Esquire (Exh. 5); and [F], Esquire (Exh. 6). All echoed [B's] testimony.

Additionally, the board takes into account the fact that petitioner had no prior discipline. The board also notes that as a result of his own realization that his alcohol problems led to the accident, the petitioner vol- untarily participated in the Alcoholics Anonymous pro- gram. (N.T. 18-19, 28-29.) Buttressing this example of personal responsibility is the testimony presented at the prior disciplinary hearing. [C], Esquire, testified at the earlier hearing that the petitioner had matured as a result of his experiences following the automobile accident. (Exh. 3, numbered 37.) [D], Esquire also tes-

tified at the earlier disciplinary hearing that the petitioner had become a "much more sensitive, mature, earnest person" as a result. (Exh. 4, numbered 42.)

Petitioner demonstrated his learning in law in part by detailing his employment as a paralegal during his period of suspension. Similar testimony has been accepted in the past as bearing on this question. *In re Anonymous No. 24 D.B. 84,* 14 D.&C.4th 235, 245 (1991). Petitioner testified that he worked at updating the law library and during that updating he reviewed the new materials as they arrived. (N.T. 22.) He also testified that his research while employed as a paralegal also kept him current. (N.T. 23.)

Petitioner also testified as to the courses taken through the Pennsylvania Bar Institute as evidence of his maintenance of currency in legal matters. (N.T. 21-22, Exh. 2.) Finally, the board also notes that the Office of Disciplinary Counsel did not oppose petitioner's reinstatement. Therefore, as a result of all evidence before us, the board recommends that petitioner be reinstated.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, [    ], be reinstated to the practice of law.

The board further recommends that, pursuant to Pa.R.D.E. 218(e), petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Board member Carson did not participate in the adjudication.

220

## ORDER

And now, February 27, 1995, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated February 6, 1995, the petition for reinstatement is granted.

Pursuant to Pa.R.D.E. 218(e), petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.

Mr. Justice Montemuro is sitting by designation.